# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF WESTCHESTER**
----------------------------------------------------------------------X     **Index No.:**

S.G., An Infant by his Parent and Natural Guardian,
**RA-CHEL JACKSON, and RA-CHEL JACKSON,**     **VERIFIED COMPLAINT**
**Individually,**     **AND CERTIFICATE OF**
                                                          **MERIT**

                                                **Plaintiffs,**

                    **-against-**

**JANICE C. TEIXERIA D.O., KOMOLA A. SHABAN M.D.,**
**SHAY ERISSON M.D., MAZEN T. KHALIFEH M.D.,**
**JAY M. WEINBERGER M.D., OMAR RASHID M.D.,**
**"JANE" MAHONEY M.D., JENNIFER MCSHANE R.N.,**
**PHELPS MEDICAL ASSOCIATES, SLEEPY HOLLOW**
**MEDICAL GROUP, P.C., WESTCHESTER**
**ANESTHESIOLOGISTS, PHELPS MEMORIAL**
**HOSPITAL ASSOCIATION, and PHELPS HOSPITAL**
**NORTHWELL HEALTH,**

                                                **Defendants.**
----------------------------------------------------------------------X

        Plaintiffs, above named, complaining of the Defendants herein, through their attorneys,

Meagher & Meagher, P.C., upon information and belief, allege as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

**FIRST:**                                         The Infant-Plaintiff, S.G., was born on

October 28, 2018.

**SECOND:**                                         At all times hereinafter mentioned, RA-

CHEL JACKSON, was and is the Lawful Parent and Natural Guardian of the Infant-

Plaintiff, S.G.

**THIRD:**                                         At all times herein after mentioned,

Plaintiffs were residents of Westchester County, State of New York residing at 10

Riverview Avenue, Tarrytown, New York 10591.

1

**FOURTH:**                                At all times hereinafter mentions,

Defendant, PHELPS MEDICAL ASSOCIATES (hereinafter referred to as
"MEDICAL"), has a principal place of business located in the County of Westchester,
State of New York at 701 North Broadway, Sleepy Hollow, New York 10591.

**FIFTH:**                                At all times hereinafter mentions,

Defendant, SLEEPY HOLLOW MEDICAL GROUP, P.C. (hereinafter referred to as
"SLEEPY HOLLOW"), has a principal place of business located in the County of
Westchester, State of New York at 755 North Broadway, Sleepy Hollow, New York
10591.

**SIXTH:**                                At all times hereinafter mentions,

Defendant, WESTCHESTER ANESTHESIOLOGIST (hereinafter referred to as
"WA"), has a principal place of business located in the County of Westchester, State
of New York at 800 Westchester Avenue, Rue Brook, New York 10573.

**SEVENTH:**                                At all times hereinafter mentions,

Defendant, PHELPS MEMORIAL HOSPITAL ASSOCIATION (hereinafter referred
to as "PMHA"), has a principal place of business located in the County of
Westchester, State of New York at 701 North Broadway, Sleepy Hollow, New York
10591.

**EIGHTH:**                                At all times hereinafter mentions,

Defendant, PHELPS HOSPITAL NORTHWELL HEALTH (hereinafter referred to
as, "PHELPS"), has a principal place of business located in the County of
Westchester, State of New York at 701 North Broadway, Sleepy Hollow, New York
10591.

2

Case 7:21-cv-05713-VB   Document 1-1   Filed 07/01/21   Page 4 of 40

**NINTH:**                          At all times relevant herein, Defendant,

JANICE C. TEIXERIA, D.O. (hereinafter referred to as "TEIXERIA"), was a

physician licensed to practice medicine and practicing medicine in the State of New

York.

**TENTH:**                          At all times relevant herein, Defendant,

KOMOLA A. SHABAN, M.D., (hereinafter referred to as "SHABAN"), was a

physician licensed to practice medicine and practicing medicine in the State of New

York.

**ELEVENTH:**                       At all times relevant herein, Defendant,

SHAY ERISSON, M.D., (hereinafter referred to as "ERISSON"), was a physician

licensed to practice medicine and practicing medicine in the State of New York.

**TWELFTH:**                         At all times relevant herein, Defendant,

MAZEN T. KHALIFEH, M.D. (hereinafter referred to as "KHALIFEH"), was a

physician licensed to practice medicine and practicing medicine in the State of New

York.

**THIRTEENTH:**                      At all times relevant herein, Defendant, JAY

M. WEINBERGER, M.D. (hereinafter referred to as "WEINBERGER"), was a

physician licensed to practice medicine and practicing medicine in the State of New

York.

**FOURTEENTH:**                     At all times relevant herein, Defendant, OMAR

RASHID, M.D. (hereinafter referred to as "RASHID"), was a physician licensed to

practice medicine and practicing medicine in the State of New York.

3

**FIFTEENTH:** At all times relevant herein, Defendant, "JANE" MAHONEY, M.D. (hereinafter referred to as "MAHONEY"), was physician licensed to practice medicine and practicing medicine in the State of New York.

**SIXTEENTH:** At all times relevant herein, Defendant, JENNIFER MCSHANE, R.N. (hereinafter referred to as "MCSHANE"), was a registered nurse licensed to practice and practicing nursing in the State of New York.

**SEVENTEENTH:** At all times hereinafter mentioned, Defendant, MEDICAL, was a domestic not-for-profit corporation, duly organized and existing under and by virtue of the laws of the State of New York.

**EIGHTEENTH:** At all times hereinafter mentioned, Defendant, MEDICAL, was a domestic not-for-profit corporation licensed to do business and doing business in the State of New York.

**NINETEENTH:** At all times hereinafter mentioned, Defendant, MEDICAL, was a domestic professional corporation, duly organized and existing under and by virtue of the laws of the State of New York.

**TWENTIETH:** At all times hereinafter mentioned, Defendant, MEDICAL, was a domestic professional corporation licensed to do business and doing business in the State of New York.

**TWENTY-FIRST:** At all times hereinafter mentioned, Defendant, MEDICAL, was a general partnership, duly organized and existing under and by virtue of the laws of the State of New York.

4

**TWENTY-SECOND:** At all times hereinafter mentioned, Defendant, MEDICAL, was a general partnership licensed to do business and doing business in the State of New York.

**TWENTY-THIRD:** At all times hereinafter mentioned, Defendant, MEDICAL, was a limited liability corporation, duly organized and existing under and by virtue of the laws of the State of New York.

**TWENTY-FOURTH:** At all times hereinafter mentioned, Defendant, MEDICAL, was a limited liability corporation licensed to do business and doing business in the State of New York.

**TWENTY-FIFTH:** At all times hereinafter mentioned, Defendant, MEDICAL, was a professional limited liability corporation, duly organized and existing under and by virtue of the laws of the State of New York.

**TWENTY-SIXTH:** At all times hereinafter mentioned, Defendant, MEDICAL, was a professional limited liability corporation licensed to do business and doing business in the State of New York.

**TWENTY-SEVENTH:** At all times hereinafter mentioned, Defendant, MEDICAL, was a domestic business corporation, duly organized and existing under and by virtue of the laws of the State of New York.

**TWENTY-EIGHTH:** At all times hereinafter mentioned, Defendant, MEDICAL, was a domestic business corporation licensed to do business and doing business in the State of New York.

5

**TWENTY-NINTH:** At all times hereinafter mentioned, Defendant, MEDICAL, was a foreign corporation authorized to conduct business and conducting business in the State of New York.

**THIRTIETH:** At all times hereinafter mentioned, Defendant, MEDICAL, was a foreign corporation licensed to do business and doing business in the State of New York.

**THIRTY-FIRST:** At all times hereinafter mentioned, Defendant, MEDICAL, was a business entity authorized to conduct business and conducting business in the State of New York.

**THIRTY-SECOND:** At all times hereinafter mentioned, Defendant, MEDICAL, was a business entity licensed to do business and doing business in the State of New York.

**THIRTY-THIRD:** At all times hereinafter mentioned, Defendant, SLEEPY HOLLOW, was a domestic not-for-profit corporation, duly organized and existing under and by virtue of the laws of the State of New York.

**THIRTY-FOURTH:** At all times hereinafter mentioned, Defendant, SLEEPY HOLLOW, was a domestic not-for-profit corporation licensed to do business and doing business in the State of New York.

**THIRTY-FIFTH:** At all times hereinafter mentioned, Defendant, SLEEPY HOLLOW, was a domestic professional corporation, duly organized and existing under and by virtue of the laws of the State of New York.

6

**THIRTY-SIXTH:**                              At all times hereinafter mentioned,

Defendant, SLEEPY HOLLOW, was a domestic professional corporation licensed to

do business and doing business in the State of New York.

**THIRTY-SEVENTH:**                              At all times hereinafter mentioned,

Defendant, SLEEPY HOLLOW, was a general partnership, duly organized and

existing under and by virtue of the laws of the State of New York.

**THIRTY-EIGHTH:**                              At all times hereinafter mentioned,

Defendant, SLEEPY HOLLOW, was a general partnership licensed to do business

and doing business in the State of New York.

**THIRTY-NINTH:**                              At all times hereinafter mentioned,

Defendant, SLEEPY HOLLOW, was a limited liability corporation, duly organized

and existing under and by virtue of the laws of the State of New York.

**FORTIETH:**                              At all times hereinafter mentioned,

Defendant, SLEEPY HOLLOW, was a limited liability corporation licensed to do

business and doing business in the State of New York.

**FORTY-FIRST:**                              At all times hereinafter mentioned,

Defendant, SLEEPY HOLLOW, was a professional limited liability corporation, duly

organized and existing under and by virtue of the laws of the State of New York.

**FORTY-SECOND:**                              At all times hereinafter mentioned,

Defendant, SLEEPY HOLLOW, was a professional limited liability corporation

licensed to do business and doing business in the State of New York.

7

**FORTY-THIRD:**                              At all times hereinafter mentioned,

Defendant, SLEEPY HOLLOW, was a domestic business corporation, duly organized

and existing under and by virtue of the laws of the State of New York.

**FORTY-FOURTH:**                              At all times hereinafter mentioned,

Defendant, SLEEPY HOLLOW, was a domestic business corporation licensed to do

business and doing business in the State of New York.

**FORTY-FIFTH:**                              At all times hereinafter mentioned,

Defendant, SLEEPY HOLLOW, was a foreign corporation authorized to conduct

business and conducting business in the State of New York.

**FORTY-SIXTH:**                              At all times hereinafter mentioned,

Defendant, SLEEPY HOLLOW, was a foreign corporation licensed to do business

and doing business in the State of New York.

**FORTY-SEVENTH:**                              At all times hereinafter mentioned,

Defendant, SLEEPY HOLLOW, was a business entity authorized to conduct business

and conducting business in the State of New York.

**FORTY-EIGHTH:**                              At all times hereinafter mentioned,

Defendant, SLEEPY HOLLOW, was a business entity licensed to do business and

doing business in the State of New York.

**FORTY-NINTH:**                              At all times hereinafter mentioned,

Defendant, WA, was a domestic not-for-profit corporation, duly organized and

existing under and by virtue of the laws of the State of New York.

**FIFTIETH:**                               At all times hereinafter mentioned,

Defendant, WA, was a domestic not-for-profit corporation licensed to do business

and doing business in the State of New York.

**FIFTY-FIRST:**                               At all times hereinafter mentioned,

Defendant, WA, was a domestic professional corporation, duly organized and

existing under and by virtue of the laws of the State of New York.

**FIFTY-SECOND:**                               At all times hereinafter mentioned,

Defendant, WA, was a domestic professional corporation licensed to do business and

doing business in the State of New York.

**FIFTY-THIRD:**                               At all times hereinafter mentioned,

Defendant, WA, was a general partnership, duly organized and existing under and by

virtue of the laws of the State of New York.

**FIFTY-FOURTH:**                               At all times hereinafter mentioned,

Defendant, WA, was a general partnership licensed to do business and doing business

in the State of New York.

**FIFTY-FIFTH:**                               At all times hereinafter mentioned,

Defendant, WA, was a limited liability corporation, duly organized and existing under

and by virtue of the laws of the State of New York.

**FIFTY-SIXTH:**                               At all times hereinafter mentioned,

Defendant, WA, was a limited liability corporation licensed to do business and doing

business in the State of New York.

9

Case 7:21-cv-05713-VB   Document 1-1   Filed 07/01/21   Page 11 of 40

**FIFTY-SEVENTH:**                    At all times hereinafter mentioned,

Defendant, WA, was a professional limited liability corporation, duly organized and

existing under and by virtue of the laws of the State of New York.

**FIFTY-EIGHTH:**                    At all times hereinafter mentioned,

Defendant, WA, was a professional limited liability corporation licensed to do

business and doing business in the State of New York.

**FIFTY-NINTH:**                    At all times hereinafter mentioned,

Defendant, WA, was a domestic business corporation, duly organized and existing

under and by virtue of the laws of the State of New York.

**SIXTIETH:**                    At all times hereinafter mentioned,

Defendant, WA, was a domestic business corporation licensed to do business and

doing business in the State of New York.

**SIXTY-FIRST:**                    At all times hereinafter mentioned,

Defendant, WA, was a foreign corporation authorized to conduct business and

conducting business in the State of New York.

**SIXTY-SECOND:**                    At all times hereinafter mentioned,

Defendant, WA, was a foreign corporation licensed to do business and doing business

in the State of New York.

**SIXTY-THIRD:**                    At all times hereinafter mentioned,

Defendant, WA, was a business entity authorized to conduct business and conducting

business in the State of New York.

**SIXTY-FOURTH:**                    At all times hereinafter mentioned, Defendant, WA, was a business entity licensed to do business and doing business in the State of New York.

**SIXTY-FIFTH:**                    At all times hereinafter mentioned, Defendant, PMHA, was a voluntary general hospital, duly organized and existing under and by virtue of the laws of the State of New York.

**SIXTY-SIXTH:**                    At all times hereinafter mentioned, Defendant, PMHA, was a voluntary general hospital licensed to do business and doing business in the State of New York.

**SIXTY-SEVENTH:**                    At all times hereinafter mentioned, the Defendant, PMHA, was a general hospital, duly organized and existing under and by virtue of the laws of the State of New York.

**SIXTY-EIGHTH:**                    At all times hereinafter mentioned, the Defendant, PMHA, was a general hospital licensed to do business and doing business in the State of New York.

**SIXTY-NINTH:**                    At all times hereinafter mentioned, Defendant, PMHA, was a domestic not-for-profit corporation, duly organized and existing under and by virtue of the laws of the State of New York.

**SEVENTIETH:**                    At all times hereinafter mentioned, Defendant, PMHA, was a domestic not-for-profit corporation licensed to do business and doing business in the State of New York.

11

**SEVENTY-FIRST:** At all times hereinafter mentioned, Defendant, PMHA, was a domestic professional corporation, duly organized and existing under and by virtue of the laws of the State of New York.

**SEVENTY-SECOND:** At all times hereinafter mentioned, Defendant, PMHA, was a domestic professional corporation licensed to do business and doing business in the State of New York.

**SEVENTY-THIRD:** At all times hereinafter mentioned, Defendant, PMHA, was a general partnership, duly organized and existing under and by virtue of the laws of the State of New York.

**SEVENTY-FOURTH:** At all times hereinafter mentioned, Defendant, PMHA, was a general partnership licensed to do business and doing business in the State of New York.

**SEVENTY-FIFTH:** At all times hereinafter mentioned, Defendant, PMHA, was a limited liability corporation, duly organized and existing under and by virtue of the laws of the State of New York.

**SEVENTY-SIXTH:** At all times hereinafter mentioned, Defendant, PMHA, was a limited liability corporation licensed to do business and doing business in the State of New York.

**SEVENTY-SEVENTH:** At all times hereinafter mentioned, Defendant, PMHA, was a professional limited liability corporation, duly organized and existing under and by virtue of the laws of the State of New York.

**SEVENTY-EIGHTH:**      At all times hereinafter mentioned, Defendant, PMHA, was a professional limited liability corporation licensed to do business and doing business in the State of New York.

**SEVENTY-NINTH:**      At all times hereinafter mentioned, Defendant, PMHA, was a domestic business corporation, duly organized and existing under and by virtue of the laws of the State of New York.

**EIGHTIETH:**      At all times hereinafter mentioned, Defendant, PMHA, was a domestic business corporation licensed to do business and doing business in the State of New York.

**EIGHTY-FIRST:**      At all times hereinafter mentioned, Defendant, PMHA, was a foreign corporation authorized to conduct business and conducting business in the State of New York.

**EIGHTY-SECOND:**      At all times hereinafter mentioned, Defendant, PMHA, was a foreign corporation licensed to do business and doing business in the State of New York.

**EIGHTY-THIRD:**      At all times hereinafter mentioned, Defendant, PMHA, was a business entity authorized to conduct business and conducting business in the State of New York.

**EIGHTY-FOURTH:**      At all times hereinafter mentioned, Defendant, PMHA, was a business entity licensed to do business and doing business in the State of New York.

13

Case 7:21-cv-05713-VB   Document 1-1   Filed 07/01/21   Page 15 of 40

**EIGHTY-FIFTH:**                             At all times hereinafter mentioned, Defendant, PHELPS, was a voluntary general hospital, duly organized and existing under and by virtue of the laws of the State of New York.

**EIGHTY-SIXTH:**                             At all times hereinafter mentioned, Defendant, PHELPS, was a voluntary general hospital licensed to do business and doing business in the State of New York.

**EIGHTY-SEVENTH:**                          At all times hereinafter mentioned, the Defendant, PHELPS, was a general hospital, duly organized and existing under and by virtue of the laws of the State of New York.

**EIGHTY-EIGHTH:**                           At all times hereinafter mentioned, the Defendant, PHELPS, was a general hospital licensed to do business and doing business in the State of New York.

**EIGHTY-NINTH:**                            At all times hereinafter mentioned, Defendant, PHELPS, was a domestic not-for-profit corporation, duly organized and existing under and by virtue of the laws of the State of New York.

**NINETIETH:**                               At all times hereinafter mentioned, Defendant, PHELPS, was a domestic not-for-profit corporation licensed to do business and doing business in the State of New York.

**NINETY-FIRST:**                            At all times hereinafter mentioned, Defendant, PHELPS, was a domestic professional corporation, duly organized and existing under and by virtue of the laws of the State of New York.

14

Case 7:21-cv-05713-VB   Document 1-1   Filed 07/01/21   Page 16 of 40

**NINETY-SECOND:** At all times hereinafter mentioned, Defendant, PHELPS, was a domestic professional corporation licensed to do business and doing business in the State of New York.

**NINETY-THIRD:** At all times hereinafter mentioned, Defendant, PHELPS, was a general partnership, duly organized and existing under and by virtue of the laws of the State of New York.

**NINETY-FOURTH:** At all times hereinafter mentioned, Defendant, PHELPS, was a general partnership licensed to do business and doing business in the State of New York.

**NINETY-FIFTH:** At all times hereinafter mentioned, Defendant, PHELPS, was a limited liability corporation, duly organized and existing under and by virtue of the laws of the State of New York.

**NINETY-SIXTH:** At all times hereinafter mentioned, Defendant, PHELPS, was a limited liability corporation licensed to do business and doing business in the State of New York.At all times hereinafter mentioned, Defendant, PHELPS, was a professional limited liability corporation, duly organized and existing under and by virtue of the laws of the State of New York.

**NINETY-SEVENTH:** At all times hereinafter mentioned, Defendant, PHELPS, was a professional limited liability corporation licensed to do business and doing business in the State of New York.

**NINETY-EIGHTH:** At all times hereinafter mentioned, Defendant, PHELPS, was a domestic business corporation, duly organized and existing under and by virtue of the laws of the State of New York.

15

**NINETY-NINTH:** At all times hereinafter mentioned, Defendant, PHELPS, was a domestic business corporation licensed to do business and doing business in the State of New York.

**ONE HUNDREDTH:** At all times hereinafter mentioned, Defendant, PHELPS, was a foreign corporation authorized to conduct business and conducting business in the State of New York.

**ONE HUNDRED FIRST:** At all times hereinafter mentioned, Defendant, PHELPS, was a foreign corporation licensed to do business and doing business in the State of New York.

**ONE HUNDRED SECOND:** At all times hereinafter mentioned, Defendant, PHELPS, was a business entity authorized to conduct business and conducting business in the State of New York.

**ONE HUNDRED THIRD:** At all times hereinafter mentioned, Defendant, PHELPS, was a business entity licensed to do business and doing business in the State of New York.

**ONE HUNDRED FOURTH:** At all times hereinafter mentioned, Defendant, PMHA, was the owner of the hospital known as Phelps Memorial Hospital, located at 701 North Broadway, Sleepy Hollow, New York 10591.

**ONE HUNDRED FIFTH:** At all times hereinafter mentioned, Defendant, PMHA, operated and controlled the aforementioned Phelps Memorial Hospital, located at 701 North Broadway, Sleepy Hollow, New York 10591.

16

**ONE HUNDRED SIXTH:**                    At all times hereinafter mentioned,

Defendant, PHELPS, was the owner of the hospital known as Phelps Memorial

Hospital, located at 701 North Broadway, Sleepy Hollow, New York 10591.

**ONE HUNDRED SEVENTH:**                    At all times hereinafter mentioned,

Defendant, PHELPS, operated and controlled the aforementioned Phelps Memorial

Hospital, located at 701 North Broadway, Sleepy Hollow, New York 10591.

**ONE HUNDRED EIGHTH:**                    At all times hereinafter mentioned,

Defendant, TEIXERIA, was an employee of the Defendant, MEDICAL.

**ONE HUNDRED NINTH:**                    At all times hereinafter mentioned,

Defendant, TEIXERIA, was acting within the scope of her employment as an

employee of the Defendant, MEDICAL.

**ONE HUNDRED TENTH:**                    At all times hereinafter mentioned,

Defendant, TEIXERIA, was an employee of the Defendant, SLEEPY HOLLOW.

**ONE HUNDRED ELEVENTH:**                    At all times hereinafter mentioned,

Defendant, TEIXERIA, was acting within the scope of her employment as an

employee of the Defendant, SLEEPY HOLLOW.

**ONE HUNDRED TWELFTH:**                    At all times hereinafter mentioned,

Defendant, TEIXERIA, was an employee of the Defendant, WA.

**ONE HUNDRED THIRTEENTH:**                    At all times hereinafter mentioned,

Defendant, TEIXERIA, was acting within the scope of her employment as an

employee of the Defendant, WA.

**ONE HUNDRED FOURTEENTH:**                    At all times hereinafter mentioned,

Defendant, TEIXERIA, was an employee of the Defendant, PMHA.

17

**ONE HUNDRED FIFTEENTH:** At all times hereinafter mentioned, Defendant, TEIXERIA, was acting within the scope of her employment as an employee of the Defendant, PMHA.

**ONE HUNDRED SIXTEENTH:** At all times hereinafter mentioned, Defendant, TEIXERIA, was an employee of the Defendant, PHELPS.

**ONE HUNDRED SEVENTEENTH:** At all times hereinafter mentioned, Defendant, TEIXERIA, was acting within the scope of her employment as an employee of the Defendant, PHELPS.

**ONE HUNDRED EIGHTEENTH:** At all times hereinafter mentioned, Defendant, SHABAN, was an employee of the Defendant, MEDICAL.

**ONE HUNDRED NINETEENTH:** At all times hereinafter mentioned, Defendant, SHABAN, was acting within the scope of her employment as an employee of the Defendant, MEDICAL.

**ONE HUNDRED TWENTIETH:** At all times hereinafter mentioned, Defendant, SHABAN, was an employee of the Defendant, SLEEPY HOLLOW.

**ONE HUNDRED TWENTY-FIRST:** At all times hereinafter mentioned, Defendant, SHABAN, was acting within the scope of her employment as an employee of the Defendant, SLEEPY HOLLOW.

**ONE HUNDRED TWENTY-SECOND:** At all times hereinafter mentioned, Defendant, SHABAN, was an employee of the Defendant, WA.

**ONE HUNDRED TWENTY-THIRD:** At all times hereinafter mentioned, Defendant, SHABAN, was acting within the scope of her employment as an employee of the Defendant, WA.

18

**ONE HUNDRED TWENTY-FOURTH:** At all times hereinafter mentioned, Defendant, SHABAN, was an employee of the Defendant, PMHA.

**ONE HUNDRED TWENTY-FIFTH:** At all times hereinafter mentioned, Defendant, SHABAN, was acting within the scope of her employment as an employee of the Defendant, PMHA.

**ONE HUNDRED TWENTY-SIXTH:** At all times hereinafter mentioned, Defendant, SHABAN, was an employee of the Defendant, PHELPS.

**ONE HUNDRED TWENTY-SEVENTH:** At all times hereinafter mentioned, Defendant, SHABAN, was acting within the scope of her employment as an employee of the Defendant, PHELPS.

**ONE HUNDRED TWENTY-EIGHTH:** At all times hereinafter mentioned, Defendant, ERISSON, was an employee of the Defendant, MEDICAL.

**ONE HUNDRED TWENTY-NINTH:** At all times hereinafter mentioned, Defendant, ERISSON, was acting within the scope of her employment as an employee of the Defendant, MEDICAL.

**ONE HUNDRED THIRTIETH:** At all times hereinafter mentioned, Defendant, ERISSON, was an employee of the Defendant, SLEEPY HOLLOW.

**ONE HUNDRED THIRTY-FIRST:** At all times hereinafter mentioned, Defendant, ERISSON, was acting within the scope of her employment as an employee of the Defendant, SLEEPY HOLLOW.

**ONE HUNDRED THIRTY-SECOND:** At all times hereinafter mentioned, Defendant, ERISSON, was an employee of the Defendant, WA.

19

**ONE HUNDRED THIRTY-THIRD:**     At all times hereinafter mentioned, Defendant, ERISSON, was acting within the scope of her employment as an employee of the Defendant, WA.

**ONE HUNDRED THIRTY-FOURTH:**     At all times hereinafter mentioned, Defendant, ERISSON, was an employee of the Defendant, PMHA.

**ONE HUNDRED THIRTY-FIFTH:**     At all times hereinafter mentioned, Defendant, ERISSON, was acting within the scope of her employment as an employee of the Defendant, PMHA.

**ONE HUNDRED THIRTY-SIXTH:**     At all times hereinafter mentioned, Defendant, ERISSON, was an employee of the Defendant, PHELPS.

**ONE HUNDRED THIRTY-SEVENTH:**     At all times hereinafter mentioned, Defendant, ERISSON, was acting within the scope of her employment as an employee of the Defendant, PHELPS.

**ONE HUNDRED THIRTY-EIGHTH:**     At all times hereinafter mentioned, Defendant, KHALIFEH, was an employee of the Defendant, MEDICAL.

**ONE HUNDRED THIRTY-NINTH:**     At all times hereinafter mentioned, Defendant, KHALIFEH, was acting within the scope of his employment as an employee of the Defendant, MEDICAL.

**ONE HUNDRED FORTIETH:**     At all times hereinafter mentioned, Defendant, KHALIFEH, was an employee of the Defendant, SLEEPY HOLLOW.

**ONE HUNDRED FORTY-FIRST:**     At all times hereinafter mentioned, Defendant, KHALIFEH, was acting within the scope of his employment as an employee of the Defendant, SLEEPY HOLLOW.

20

**ONE HUNDRED FORTY-SECOND:**    At all times hereinafter mentioned, Defendant, KHALIFEH, was an employee of the Defendant, WA.

**ONE HUNDRED FORTY-THIRD:**    At all times hereinafter mentioned, Defendant, KHALIFEH, was acting within the scope of his employment as an employee of the Defendant, WA.

**ONE HUNDRED FORTY-FOURTH:**    At all times hereinafter mentioned, Defendant, KHALIFEH, was an employee of the Defendant, PMHA.

**ONE HUNDRED FORTY-FIFTH:**    At all times hereinafter mentioned, Defendant, KHALIFEH, was acting within the scope of his employment as an employee of the Defendant, PMHA.

**ONE HUNDRED FORTY-SIXTH:**    At all times hereinafter mentioned, Defendant, KHALIFEH, was an employee of the Defendant, PHELPS.

**ONE HUNDRED FORTY-SEVENTH:**    At all times hereinafter mentioned, Defendant, KHALIFEH, was acting within the scope of his employment as an employee of the Defendant, PHELPS.

**ONE HUNDRED FORTY-EIGHTH:**    At all times hereinafter mentioned, Defendant, WEINBERGER, was an employee of the Defendant, MEDICAL.

**ONE HUNDRED FORTY-NINTH:**    At all times hereinafter mentioned, Defendant, WEINBERGER, was acting within the scope of his employment as an employee of the Defendant, MEDICAL.

**ONE HUNDRED FIFTIETH:**    At all times hereinafter mentioned, Defendant, WEINBERGER, was an employee of the Defendant, SLEEPY HOLLOW.

**ONE HUNDRED FIFTY-FIRST:**     At all times hereinafter mentioned, Defendant, WEINBERGER, was acting within the scope of his employment as an employee of the Defendant, SLEEPY HOLLOW.

**ONE HUNDRED FIFTY-SECOND:**     At all times hereinafter mentioned, Defendant, WEINBERGER, was an employee of the Defendant, WA.

**ONE HUNDRED FIFTY-THIRD:**     At all times hereinafter mentioned, Defendant, WEINBERGER, was acting within the scope of his employment as an employee of the Defendant, WA.

**ONE HUNDRED FIFTY-FOURTH:**     At all times hereinafter mentioned, Defendant, WEINBERGER, was an employee of the Defendant, PMHA.

**ONE HUNDRED FIFTY-FIFTH:**     At all times hereinafter mentioned, the Defendant, WEINBERGER, was acting within the scope of his employment as an employee of the Defendant, PMHA.

**ONE HUNDRED FIFTY-SIXTH:**     At all times hereinafter mentioned, Defendant, WEINBERGER, was an employee of the Defendant, PHELPS.

**ONE HUNDRED FIFTY-SEVENTH:**     At all times hereinafter mentioned, Defendant, WEINBERGER, was acting within the scope of his employment as an employee of the Defendant, PHELPS.

**ONE HUNDRED FIFTY-EIGHTH:**     At all times hereinafter mentioned, Defendant, RASHID, was an employee of the Defendant, MEDICAL.

**ONE HUNDRED FIFTY-NINTH:**     At all times hereinafter mentioned, Defendant, RASHID, was acting within the scope of his employment as an employee of the Defendant, MEDICAL.

**ONE HUNDRED SIXTIETH:**            At all times hereinafter mentioned,

Defendant, RASHID, was an employee of the Defendant, SLEEPY HOLLOW.

**ONE HUNDRED SIXTY-FIRST:**            At all times hereinafter mentioned,

Defendant, RASHID, was acting within the scope of his employment as an employee

of the Defendant, SLEEPY HOLLOW.

**ONE HUNDRED SIXTY-SECOND:**            At all times hereinafter mentioned,

Defendant, RASHID, was an employee of the Defendant, WA.

**ONE HUNDRED SIXTY-THIRD:**            At all times hereinafter mentioned,

Defendant, RASHID, was acting within the scope of his employment as an employee

of the Defendant, WA.

**ONE HUNDRED SIXTY-FOURTH:**            At all times hereinafter mentioned,

Defendant, RASHID, was an employee of the Defendant, PMHA.

**ONE HUNDRED SIXTY-FIFTH:**            At all times hereinafter mentioned,

Defendant, RASHID, was acting within the scope of his employment as an employee

of the Defendant, PMHA.

**ONE HUNDRED SIXTY-SIXTH:**            At all times hereinafter mentioned,

Defendant, RASHID, was an employee of the Defendant, PHELPS.

**ONE HUNDRED SIXTY-SEVENTH:**            At all times hereinafter mentioned,

Defendant, RASHID, was acting within the scope of his employment as an employee

of the Defendant, PHELPS.

**ONE HUNDRED SIXTY-EIGHTH:**            At all times hereinafter mentioned,

Defendant, MAHONEY, was an employee of the Defendant, MEDICAL.

23

**ONE HUNDRED SIXTY-NINTH:** At all times hereinafter mentioned, Defendant, MAHONEY, was acting within the scope of her employment as an employee of the Defendant, MEDICAL.

**ONE HUNDRED SEVENTIETH:** At all times hereinafter mentioned, Defendant, MAHONEY, was an employee of the Defendant, SLEEPY HOLLOW.

**ONE HUNDRED SEVENTY-FIRST:** At all times hereinafter mentioned, Defendant, MAHONEY, was acting within the scope of her employment as an employee of the Defendant, SLEEPY HOLLOW.

**ONE HUNDRED SEVENTY-SECOND:** At all times hereinafter mentioned, Defendant, MAHONEY, was an employee of the Defendant, WA.

**ONE HUNDRED SEVENTY-THIRD:** At all times hereinafter mentioned, Defendant, MAHONEY, was acting within the scope of her employment as an employee of the Defendant, WA.

**ONE HUNDRED SEVENTY-FOURTH:** At all times hereinafter mentioned, Defendant, MAHONEY, was an employee of the Defendant, PMHA.

**ONE HUNDRED SEVENTY-FIFTH:** At all times hereinafter mentioned, the Defendant, MAHONEY, was acting within the scope of her employment as an employee of the Defendant, PMHA.

**ONE HUNDRED SEVENTY-SIXTH:** At all times hereinafter mentioned, Defendant, MAHONEY, was an employee of the Defendant, PHELPS.

**ONE HUNDRED SEVENTY-SEVENTH:** At all times hereinafter mentioned, Defendant, MAHONEY, was acting within the scope of her employment as an employee of the Defendant, PHELPS.

24

Case 7:21-cv-05713-VB Document 1-1 Filed 07/01/21 Page 26 of 40

**ONE HUNDRED SEVENTY-EIGHTH:** At all times hereinafter mentioned, Defendant, MCSHANE, was an employee of the Defendant, MEDICAL.

**ONE HUNDRED SEVENTY-NINTH:** At all times hereinafter mentioned, Defendant, MCSHANE, was acting within the scope of her employment as an employee of the Defendant, MEDICAL. At all times hereinafter mentioned, Defendant, MCSHANE, was an employee of the Defendant, SLEEPY HOLLOW.

**ONE HUNDRED EIGHTIETH:** At all times hereinafter mentioned, Defendant, MCSHANE, was acting within the scope of her employment as an employee of the Defendant, SLEEPY HOLLOW.

**ONE HUNDRED EIGHTY-FIRST:** At all times hereinafter mentioned, Defendant, MCSHANE, was an employee of the Defendant, WA.

**ONE HUNDRED EIGHTY-SECOND:** At all times hereinafter mentioned, Defendant, MCSHANE, was acting within the scope of her employment as an employee of the Defendant, WA.

**ONE HUNDRED EIGHTY-THIRD:** At all times hereinafter mentioned, Defendant, MCSHANE, was an employee of the Defendant, PMHA.

**ONE HUNDRED EIGHTY-FOURTH:** At all times hereinafter mentioned, Defendant, MCSHANE, was acting within the scope of her employment as an employee of the Defendant, PMHA.

**ONE HUNDRED EIGHTY-FIFTH:** At all times hereinafter mentioned, Defendant, MCSHANE, was an employee of the Defendant, PHELPS.

25

**ONE HUNDRED EIGHTY-SIXTH:**     At all times hereinafter mentioned, Defendant, MCSHANE, was acting within the scope of her employment as an employee of the Defendant, PHELPS.

**ONE HUNDRED EIGHTY-SEVENTH:**  During the year 2018, and more specifically from February 2018 through October 2018, the Infant-Plaintiff, S.G, was a patient of the Defendant, TEIXERIA.

**ONE HUNDRED EIGHTY-EIGHTH:**     During the year 2018, and more specifically from February 2018 through October 2018, the Infant-Plaintiff, S.G., was a patient of the Defendant, SHABAN.

**ONE HUNDRED EIGHTY-NINTH:**     During the year 2018, and more specifically from February 2018 through October 2018, the Infant-Plaintiff, S.G., was a patient of the Defendant, ERRISON.

**ONE HUNDRED NINETIETH:**     During the year 2018, and more specifically from February 2018 through October 2018, the Infant-Plaintiff, S.G., was a patient of the Defendant, KHALIFEH.

**ONE HUNDRED NINETY-FIRST:**     During the year 2018, and more specifically from February 2018 through October 2018, the Infant-Plaintiff, S.G., was a patient of the Defendant, WEINBERGER.

**ONE HUNDRED NINETY-SECOND:**     During the year 2018, and more specifically from February 2018 through October 2018, the Infant-Plaintiff, S.G., was a patient of the Defendant, RASHID.

26

**ONE HUNDRED NINETY-THIRD:** During the year 2018, and more specifically from February 2018 through October 2018, the Infant-Plaintiff, S.G., was a patient of the Defendant, MAHONEY.

**ONE HUNDRED NINETY-FOURTH:** During the year 2018, and more specifically from February 2018 through October 2018, the Infant-Plaintiff, S.G., was a patient of the Defendant, MCSHANE.

**ONE HUNDRED NINETY-FIFTH:** During the year 2018, and more specifically from February 2018 through October 2018, the Infant-Plaintiff, S.G., was a patient of the Defendant, MEDICAL.

**ONE HUNDRED NINETY-SIXTH:** During the year 2018, and more specifically from February 2018 through October 2018, the Infant-Plaintiff, S.G., was a patient of the Defendant, SLEEPY HOLLOW.

**ONE HUNDRED NINETY-SEVENTH:** During the year 2018, and more specifically from February 2018 through October 2018, the Infant-Plaintiff, S.G., was a patient of the Defendant, WA.

**ONE HUNDRED NINETY-EIGHTH:** During the year 2018, and more specifically from February 2018 through October 2018, the Infant-Plaintiff, S.G., was a patient of the Defendant, PMHA.

**ONE HUNDRED NINETY-NINTH:** During the year 2018, and more specifically from February 2018 through October 2018, the Infant-Plaintiff, S.G., was a patient of the Defendant, PHELPS.

27

**TWO HUNDREDTH:** During the year 2018, and more specifically from February 2018 through October 2018, the Defendant, TEIXERIA, provided medical care and treatment to the Infant-Plaintiff, S.G.

**TWO HUNDRED FIRST:** During the year 2018, and more specifically from February 2018 through October 2018, the Defendant, SHABAN, provided medical care and treatment to the Infant-Plaintiff, S.G.

**TWO HUNDRED SECOND:** During the year 2018, and more specifically from February 2018 through October 2018, the Defendant, ERISSON, provided medical care and treatment to the Infant-Plaintiff, S.G.

**TWO HUNDRED THIRD:** During the year 2018, and more specifically from February 2018 through October 2018, the Defendant, KHALIFEH, provided medical care and treatment to the Infant-Plaintiff, S.G.

**TWO HUNDRED FOURTH:** During the year 2018, and more specifically from February 2018 through October 2018, the Defendant, WEINBERGER, provided medical care and treatment to the Infant-Plaintiff, S.G.

**TWO HUNDRED FIFTH:** During the year 2018, and more specifically from February 2018 through October 2018, the Defendant, RASHID, provided medical care and treatment to the Infant-Plaintiff, S.G.

**TWO HUNDRED SIXTH:** During the year 2018, and more specifically from February 2018 through October 2018, the Defendant, MAHONEY, provided medical care and treatment to the Infant-Plaintiff, S.G.

Case 7:21-cv-05713-VB   Document 1-1   Filed 07/01/21   Page 30 of 40

**TWO HUNDRED SEVENTH:** During the year 2018, and more specifically from February 2018 through October 2018, the Defendant, MCSHANE, provided medical care and treatment to the Infant-Plaintiff, S.G.

**TWO HUNDRED EIGHTH:** During the year 2018, and more specifically from February 2018 through October 2018, the Defendant, MEDICAL, provided medical care and treatment to the Infant-Plaintiff, S.G.

**TWO HUNDRED NINTH:** During the year 2018, and more specifically from February 2018 through October 2018, the Defendant, SLEEPY HOLLOW, provided medical care and treatment to the Infant-Plaintiff, S.G.

**TWO HUNDRED TENTH:** During the year 2018, and more specifically from February 2018 through October 2018, the Defendant, WA, provided medical care and treatment to the Infant-Plaintiff, S.G.

**TWO HUNDRED ELEVENTH:** During the year 2018, and more specifically from February 2018 through October 2018, the Defendant, PMHA, provided medical care and treatment to the Infant-Plaintiff, S.G.

**TWO HUNDRED TWELFTH:** During the year 2018, and more specifically from February 2018 through October 2018, the Defendant, PHELPS, provided medical care and treatment to the Infant-Plaintiff, G.M.

**TWO HUNDRED THIRTEENTH:** During the year 2018, and more specifically, from February 2018 through October 2018, the Defendant, TEIXERIA, provided medical care and treatment to the Plaintiff, RA-CHEL JACKSON.

29

Case 7:21-cv-05713-VB   Document 1-1   Filed 07/01/21   Page 31 of 40

**TWO HUNDRED FOURTEENTH:** During the year 2018, and more specifically from February 2018 through October 2018, the Defendant, SHABAN, provided medical care and treatment to the Plaintiff, RA-CHEL JACKSON.

**TWO HUNDRED FIFTEENTH:** During the year 2018, and more specifically from February 2018 through October 2018, the Defendant, ERRISON, provided medical care and treatment to the Plaintiff, RA-CHEL JACKSON.

**TWO HUNDRED SIXTEENTH:** During the year 2018, and more specifically from February 2018 through October 2018, the Defendant, KHALIFEH, provided medical care and treatment to the Plaintiff, RA-CHEL JACKSON.

**TWO HUNDRED SEVENTEENTH:** During the year 2018, and more specifically from February 2018 through, October 2018, the Defendant, WEINBERGER, provided medical care and treatment to the Plaintiff, RA-CHEL JACKSON.

**TWO HUNDRED EIGHTEENTH:** During the year 2018, and more specifically from February 2018 through October 2018, the Defendant, RASHID, provided medical care and treatment to the Plaintiff, RA-CHEL JACKSON.

**TWO HUNDRED NINETEENTH:** During the year 2018, and more specifically, from February 2018 through October 2018, the Defendant, MAHONEY, provided medical care and treatment to the Plaintiff, RA-CHEL JACKSON.

**TWO HUNDRED TWENTIETH:** During the year 2018, and more specifically from February 2018 through October 2018, the Defendant, MCSHANE, provided medical care and treatment to the Plaintiff, RA-CHEL JACKSON.

**TWO HUNDRED TWENTY-FIRST:** During the year 2018, and more specifically, from February 2018 through October 2018, the Defendant, MEDICAL, provided medical care and treatment to the Plaintiff, RA-CHEL JACKSON.

**TWO HUNDRED TWENTY-SECOND:** During the year 2018, and more specifically from February 2018 through October 2018, the Defendant, SLEEPY HOLLOW, provided medical care and treatment to the Plaintiff, RA-CHEL JACKSON.

**TWO HUNDRED TWENTY-THIRD:** During the year 2018, and more specifically from February 2018 through October 2018, the Defendant, WA, provided medical care and treatment to the Plaintiff, RA-CHEL JACKSON.

**TWO HUNDRED TWENTY-FOURTH:** During the year 2018, and more specifically from February 2018 through October 2018, the Defendant, PMHA, provided medical care and treatment to the Plaintiff, RA-CHEL JACKSON.

**TWO HUNDRED TWENTY-FIFTH:** During the year 2018, and more specifically from February 2018 through October 2018, the Defendant, PHELPS, provided medical care and treatment to the Plaintiff, RA-CHEL JACKSON.

**TWO HUNDRED TWENTY-SIXTH:** During the year 2018, and more specifically, from February 2018 through October 2018, the Plaintiff, RA-CHEL JACKSON, was a patient of the Defendant, TEIXERIA.

**TWO HUNDRED TWENTY-SEVENTH:** During the year 2018, and more specifically from February 2018 through October 2018, the Plaintiff, RA-CHEL JACKSON, was a patient of the Defendant, SHABAN.

31

Case 7:21-cv-05713-VB   Document 1-1   Filed 07/01/21   Page 33 of 40

**TWO HUNDRED TWENTY-EIGHTH:** During the year 2018, and more specifically from February 2018 through October 2018, the Plaintiff, RA-CHEL JACKSON, was a patient of the Defendant, ERISSON.

**TWO HUNDRED TWENTY-NINTH:** During the year 2018, and more specifically from February 2018 through October 2018, the Plaintiff, RA-CHEL JACKSON, was a patient of the Defendant, KHALIFEH.

**TWO HUNDRED THIRTIETH:** During the year 2018, and more specifically from February 2018 through October 2018, the Plaintiff, RA-CHEL JACKSON, was a patient of the Defendant, WEINBERGER.

**TWO HUNDRED THIRTY-FIRST:** During the year 2018, and more specifically from February 2018 through October 2018, the Plaintiff, RA-CHEL JACKSON, was a patient of the Defendant, RASHID.

**TWO HUNDRED THIRTY-SECOND:** During the year 2018, and more specifically from February 2018 through October 2018, the Plaintiff, RA-CHEL JACKSON, was a patient of the Defendant, MAHONEY.

**TWO HUNDRED THIRTY-THIRD:** During the year 2018, and more specifically from February 2018 through October 2018, the Plaintiff, RA-CHEL JACKSON, was a patient of the Defendant, MCSHANE.

**TWO HUNDRED THIRTY-FOURTH:** During the year 2018, and more specifically from February 2018 through October 2018, the Plaintiff, RA-CHEL JACKSON, was a patient of the Defendant, MEDICAL.

32

**TWO HUNDRED THIRTY-FIFTH:**     During the year 2018, and more specifically from February 2018 through October 2018, the Plaintiff, RA-CHEL JACKSON, was a patient of the Defendant, SLEEPY HOLLOW.

**TWO HUNDRED THIRTY-SIXTH:**     During the year 2018, and more specifically from February 2018 through October 2018, the Plaintiff, RA-CHEL JACKSON, was a patient of the Defendant, WA   .

**TWO HUNDRED THIRTY-SEVENTH:**  During the year 2018, and more specifically from February 2018 through October 2018, the Plaintiff, RA-CHEL JACKSON, was a patient of the Defendant, PMHA.

**TWO HUNDRED THIRTY-EIGHTH:**     During the year 2018, and more specifically from February 2018 through October 2018, the Plaintiff, RA-CHEL JACKSON, was a patient of the Defendant, PHELPS.

**TWO HUNDRED THIRTY-NINTH:**     As a result of the medical care, treatment or lack thereof rendered to the Infant-Plaintiff, S.G., and to the Plaintiff, RA-CHEL JACKSON  by the Defendants herein, one, some, or all of them, their agents, servants, and/or employees, their departures from accepted standards of medical, obstetrical, neonatal, perinatal, radiological, emergency and critical care, fetal heart monitoring, surgical, nursing,  hospital services and other good practices, the Plaintiff, RA-CHEL JACKSON and the Infant-Plaintiff, S.G., sustained severe, serious, and permanent personal injuries.

**TWO HUNDRED FORTIETH:**     Plaintiffs injuries were caused due to the carelessness, negligence, including negligent hiring, retaining, supervising, and credentialing, and departures from accepted and proper medical treatment and other

33

Case 7:21-cv-05713-VB    Document 1-1    Filed 07/01/21    Page 35 of 40

good practices on the part of the Defendants herein, one, some, or all of them, their agents, servants, and/or employees in the care and the treatment or lack thereof that was rendered and tendered to the Plaintiffs herein, for the period of time they were under the care of the Defendants herein, one, some or all of them, their agents, servants and/or employees whereby they incurred pain and suffering and other financial losses without any fault contributing thereto by them.

**TWO HUNDRED FORTY-FIRST:**        This action falls within one or more exceptions set forth in the Civil Practice Laws and Rules Section 1602.

**TWO HUNDRED FORTY-SECOND:**        As a result of such injuries, pain and suffering, and other financial losses, the Infant-Plaintiff, S.G., and Plaintiff, RACHEL JACKSON, were caused to suffer damages in an amount of money that exceeds the monetary jurisdiction of all other courts.

### AS AND FOR A SECOND CAUSE OF ACTION

**TWO HUNDRED FORTY-THIRD:**        Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth in the FIRST CAUSE OF ACTION, inclusive with the same force and effect as if more fully set forth herein.

**TWO HUNDRED FORTY-FOURTH:**        The Defendants herein, one, some, or all of them, their agents, servants, and/or employees, failed to disclose all of the facts that a reasonable doctor or health care personnel under such circumstances would explain to a patient, including a failure to disclose the risks and benefits of various courses of treatment, the alternatives thereto and the risks and benefits relating to the alternatives and otherwise failed to properly, adequately and fully inform the patient.

34

Case 7:21-cv-05713-VB   Document 1-1   Filed 07/01/21   Page 36 of 40

**TWO HUNDRED FORTY-FIFTH:**    That a reasonable and prudent person in Plaintiffs position would not have undergone the course of treatment prescribed if she had been fully informed, and that the lack of informed consent is a proximate cause of pain and suffering and other financial losses for which recovery is sought.

**TWO HUNDRED FORTY-SIXTH:**    As a result of the foregoing lack of informed consent, Plaintiffs herein have suffered damages in an amount of money that exceeds the monetary jurisdictional limits of all other Courts.

### AS AND FOR A THIRD CAUSE OF ACTION

**TWO HUNDRED FORTY-SEVENTH:**    Plaintiffs repeat, reiterate, and re-allege each and every allegation in the FIRST and SECOND CAUSES OF ACTION, inclusive, with the same force and effect as though more fully set herein.

**TWO HUNDRED FORTY-EIGHTH:**    At all times hereinafter mentioned, Plaintiff, RA-CHEL JACKSON, was and is the lawful parent and natural guardian of Infant-Plaintiff, S.G., and cohabitates with him as mother and child.

**TWO HUNDRED FORTY-NINTH:**    As a result of the foregoing negligence of the Defendants herein, their agents, servants, and/or employees, and the resulting injuries to the Plaintiff, RA-CHEL JACKSON and the Infant-Plaintiff, S.G., and without any negligence or culpable conduct on their parts contributing thereto, the Plaintiff, RA-CHEL JACKSON, has been deprived of the services, love and affection of her child, all to her damage in an amount which exceeds the jurisdictional limits of all other courts.

35

**TWO HUNDRED FIFTIETH:**            As a result of the aforesaid, the Plaintiff,

RA-CHEL JACKSON, seeks a recovery for the loss of services of her child, S.G. in a

sum of money that exceeds the monetary jurisdiction of all lower courts.

**WHEREFORE,** the Plaintiffs, RA-CHEL JACKSON and S.G., demand judgment

against the Defendants herein, one, some, or all of them, in the FIRST, SECOND and THIRD

CAUSES OF ACTION, in an amount of money that exceeds the monetary jurisdiction of all

other Courts, together with interest, costs, attorney's fees and disbursements of this action.

Dated: White Plains, New York
       May 26, 2020

Yours etc.,
MEAGHER & MEAGHER, P.C.
Attorneys for Plaintiffs
111 Church Street
White Plains, NY 10601
(914) 328-8844

36

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
S.G., An Infant by his Parent and Natural Guardian,
RA-CHEL JACKSON, and RA-CHEL JACKSON,
Individually,

                              Plaintiffs,

          -against-

JANICE C. TEIXERIA D.O., KOMOLA A. SHABAN M.D.,
SHAY ERISSON M.D., MAZEN T. KHALIFEH M.D.,
JAY M. WEINBERGER M.D., OMAR RASHID M.D.,
"JANE" MAHONEY M.D., JENNIFER MCSHANE R.N.,
PHELPS MEDICAL ASSOCIATES, SLEEPY HOLLOW
MEDICAL GROUP, P.C., WESTCHESTER
ANESTHESIOLOGISTS, PHELPS MEMORIAL
HOSPITAL ASSOCIATION, and PHELPS HOSPITAL
NORTHWELL HEALTH,

                            Defendants.

-------------------------------------------------------------------X

Index No.:

**CERTIFICATE OF
MERIT**

      MERRYL F. WEINER, ESQ., an attorney duly admitted to practice in the Courts of the

State of New York, hereby affirms, pursuant to Section 2106 CPLR:

      I have reviewed the facts of this case and have consulted with at least one physician who

is licensed to practice in this state, or any other state, and I reasonably believe that said physician

is knowledgeable as to the relevant issues involved in this particular action and I have concluded

on the basis of such review and consultation that there is a reasonable basis for the

commencement of this action.

Dated: White Plains, New York
       May 26 , 2020

                                         MERRYL F. WEINER, ESQ.,

## VERIFICATION

STATE OF NEW YORK                    )
                                     ) ss.:
COUNTY OF WESTCHESTER                )


I, _____Ra-Chel Jackson_____, being duly sworn,

depose(s) and says(s):

I am the plaintiff in the within action.

I have read the within _____Summons and Complaint_____

and known the contents thereof, and that the same is true to my own knowledge, except as to the

matters therein stated to be alleged upon information and belief, and that as to those matters, I

believe them to be true.

_____
Signature


Sworn to before me on this __26__
day of __May__, 20 _20_

_____
NOTARY PUBLIC

JENNIFER C. PATRISSI
Notary Public 02PA6085425
State of New York
Westchester County
Commission Expires 12-30-22

Index No.:                                       Year: 2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

===================================================

**S.G., An Infant by his Parent and Natural Guardian,
RA-CHEL JACKSON, and RA-CHEL JACKSON,
Individually,**

Plaintiffs,

      -against-

**JANICE C. TEIXERIA D.O., KOMOLA A. SHABAN M.D.,
SHAY ERISSON M.D., MAZEN T. KHALIFEH M.D.,
JAY M. WEINBERGER M.D., OMAR RASHID M.D.,
"JANE" MAHONEY M.D., JENNIFER MCSHANE R.N.,
PHELPS MEDICAL ASSOCIATES, SLEEPY HOLLOW
MEDICAL GROUP, P.C., WESTCHESTER
ANESTHESIOLOGISTS, PHELPS MEMORIAL
HOSPITAL ASSOCIATION, and PHELPS HOSPITAL
NORTHWELL HEALTH,**

Defendants.

---

**SUMMONS AND VERIFIED COMPLAINT**

---

**MEAGHER & MEAGHER, P.C.**
*Attorney for Plaintiffs*
111 Church Street
White Plains, New York 10601
(914) 328-8844

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated: May 26, 2020          Signature: _____

                                    Print Signatory's Name: MERRYL F. WIENER, ESQ.

---

Service of a copy of the within                   is hereby admitted.
Dated:_____

                                  _____
                                    Attorney(s) for

---